UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ROSEMARIE J. LIA-BASILE,

                        Plaintiff,

v.                                                                     1:25-CV-0291
                                                                       (GTS/MJK)

THE COUNTY OF ALBANY; JEFFREY J.P. NEAL,
Director of Finance; JENNIFER CLEMENT, Former
Human Resources Commissioner and Present Health
Consortium; and TANIA SPADARO, Foreclosure
Clerk (SR.) a/k/a Foreclosure Manager,

                        Defendants.

_____

APPEARANCES:                                             OF COUNSEL:

ROSEMARIE J. LIA-BASILE
  Plaintiff, *Pro Se*
5882 Veeder Road
Slingerlands, NY 12159

BOND, SCHOENECK & KING, PLLC                    MICHAEL D. BILLOK, ESQ.
  Counsel for Defendants
268 Broadway, Suite 104
Saratoga Springs, NY 12866

GLENN T. SUDDABY, United States District Judge

## <u>DECISION and ORDER</u>

      Currently before the Court, in this employment discrimination and retaliation action filed

*pro se* by Rosemarie J. Lia-Basile ("Plaintiff") against the County of Albany, Jeffrey J.P. Neal,

Jennifer Clement, and Tania Spadaro (collectively "Defendants"), is Defendants' motion to

dismiss Plaintiff's Complaint for insufficient service of process pursuant to Fed. R. Civ. P.

12(b)(5), and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 11.)  For

the reasons set forth below, Defendants' motion is granted in part and denied in part.

## I.    RELEVANT BACKGROUND

### A.    Plaintiff's Complaint

Generally, in her Complaint, Plaintiff alleges that Defendants have violated her rights in numerous ways, which the Court has liberally construed as asserting the following claims: (1) a claim of discrimination based on physical disabilities in violation of the Americans with Disabilities Act ("ADA"); (2) a claim of discrimination based on age in violation of the Age Discrimination in Employment Act ("ADEA"); (3) a claim of discrimination based on sex or gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (4) claims of retaliation in violation of the ADA, ADEA, and Title VII; (5) claims of hostile work environment in violation of the ADA, ADEA, and Title VII; and (6) a claim of defamation under New York State law.[1]  (*See generally* Dkt. No. 1.)

### B.    The Parties' Briefing on Defendants' Motion

#### 1.    Defendants' Memorandum of Law

Generally, in their motion to dismiss, Defendants make six arguments.  (Dkt. No. 11, Attach. 5.)  First, Defendants argue that Plaintiff's claims based on her age and disability are time-barred because she filed this action more than 90 days after receiving the right-to-sue letter from the EEOC, and there is no basis for equitable tolling.  (*Id.* at 10-12.)

Second, Defendants argue that Plaintiff has not exhausted her administrative remedies related to her Title VII claims because those claims were not raised in her EEOC charge, and

---

[1]    The Court notes that Plaintiff's "claims" related to acts such as denial of employment or promotions, denial of performance reviews, denial of training, and denial of ability to utilize her knowledge, education, skills and capabilities are all encompassed by the above-stated claims.

that, in the alternative, any such claim was not filed within 90 days of receiving the right-to-sue notice.  (*Id.* at 12-13.)

Third, Defendants argue that Plaintiff has failed to allege facts sufficient to plausibly state a claim of defamation because her Complaint does not include any factual allegations regarding what the allegedly defamatory words or statements were or to whom such statements were communicated.  (*Id.* at 13-14.)

Fourth, Defendants argue that Plaintiff's Complaint does not comply with Fed. R. Civ. P. 8 because it is not a "short and plain statement" that notifies Defendants of the claims against them and the factual basis for such claims (given that it consists of 641 handwritten pages and various documents that do not plausibly suggest what Plaintiff is alleging with regard to how Defendants allegedly harmed her).  (*Id.* at 14-15.)

Fifth, Defendants argue that Plaintiff's claims pursuant to Title VII, the ADA, and the ADEA must be dismissed against the individual Defendants because individuals are not subject to liability under those statutes.  (*Id.* at 15-16.)

Sixth, Defendants argue that there is no personal jurisdiction over them because, although they received summons from Plaintiff, they were never served with the Complaint.  (*Id.* at 17.)

### 2.    Plaintiff's Opposition Memorandum of Law

Generally, in her opposition memorandum of law, Plaintiff makes six arguments.  (Dkt. No. 18.)  First, Plaintiff argues that she "mistakenly" failed to attach the Complaint to the summons when she served Defendants because she believed that it would be available electronically to Defendants' counsel.  (*Id.* at 1.)

Second, Plaintiff argues that her Complaint is not 641 pages as Defendants suggest, but rather is primarily comprised of the forms she believed she was required to complete and submit as well as "proof and evidence" related to her claims. (*Id.* at 2-3.)

Third, Plaintiff argues that she attempted to address the issues underlying her claims with her employer, but those issues were not resolved, and that she followed the required process of filing a timely report with the EEOC and waiting for a right-to-sue letter before bringing this action. (*Id.* at 2.)

Fourth, Plaintiff argues that the individual Defendants named in this action acted outside the scope of their employment related to the actions taken against her and have been named here because of the role they played in the circumstances underlying her claims. (*Id.* at 3.)

Fifth, Plaintiff argues that her disabilities are not "alleged," but rather medically documented. (*Id.* at 4.)

Sixth, Plaintiff argues that her case should not be taken less seriously or dismissed merely because she has filed it *pro se*, especially given that she has provided ample allegations and evidence to support her claims. (*Id.* at 4.)

### 3.      Defendants' Reply Memorandum of Law

Generally, in their reply memorandum of law, Defendants make five arguments. (Dkt. No. 19.) First, and overarchingly, Defendants argue that Plaintiff has not opposed any of the grounds raised in their motion to dismiss other than to explain why she failed to serve a copy of the Complaint with the summons. (*Id.* at 4.)

4

Second, Defendants argue that Plaintiff's claims pursuant to Title VII, the ADA, and the ADEA are all time-barred because the Complaint was filed more than 90 days after she received her right-to-sue letter from the EEOC.  (*Id.* at 5.)

Third, Defendants argue that Plaintiff's Title VII claims are not properly before the Court because she did not raise any complaints about sex discrimination in her EEOC charge.  (*Id.* at 5.)

Fourth, Defendants argue that Plaintiff has not pled sufficient facts to plausibly suggest a claim of defamation.  (*Id.* at 6.)

Fifth, Defendants argue that Plaintiff's claims pursuant to Title VII, the ADA, and the ADEA must be dismissed against the individual Defendants because individuals are not subject to liability under those statutes.  (*Id.* at 6-7.)

### 4.    Plaintiff's Sur-Reply Memorandum of Law

Generally, in her sur-reply (which was filed with leave of the Court), Plaintiff makes five arguments.  (Dkt. No. 24.)  First, Plaintiff argues that her claims were timely filed because, although the right-to-sue letter is dated December 2, 2024, she did not receive it in the mail until "a few days later."  (*Id.* at 3.)

Second, Plaintiff argues that she did raise various claims related to sex discrimination in her EEOC charge, but the EEOC decided to focus on the age and disability portions of her allegations.  (*Id.* at 4.)

Third, Plaintiff argues that the Complaint includes proof to support her defamation/slander claims, as well as proof that she has "'witnesses' which will and are able to provide to court the 'defaming [and] slandering' statements that were spoken of the Plaintiff of

which they were told, about her (plaintiff)." (*Id.* at 5-6.) She also argues that the evidence and information provided in the Complaint is all relevant to her claims. (*Id.*)

Fourth, Plaintiff argues that her claims against the individual Defendants should be permitted to proceed because they are all individually responsible for the actions they took against her, but that, if the Court should find itself unable to decide the claims against those individual Defendants, she should be permitted to file suit against them in whatever way is permissible so that they may be held accountable. (*Id.* at 6-7.)

Fifth, Plaintiff notes that, in the time this motion has been pending, she corrected her failure to serve Defendants with the Complaint by doing so on April 7, 2025. (*Id.* at 7.)

## II.     GOVERNING LEGAL STANDARDS

### A.     Legal Standard Governing Motion to Dismiss for Insufficient Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "'When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy.'" *Mhina v. Citizens Bank, N.A.*, 22-CV-0427, 2022 WL 16572045, at *2 (N.D.N.Y. Nov. 1, 2022) (Sannes, C.J.) (quoting *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 [S.D.N.Y. 2003]). "A plaintiff must, 'through specific factual allegations and any supporting materials, make a prima facie showing that service was proper.'" *Mhina*, 2022 WL 16572045, at *2 (quoting *Kwon v. Yun*, 05-CV-1142, 2006 WL 416375, at *2 [S.D.N.Y. Feb. 21, 2006]).

### B.     Legal Standard Governing Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision

on the merits" by the court.  *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases);

*Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing

Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal"

notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d

ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding

that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F. Supp.

2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an

appellate decision holding that a complaint had stated an actionable antitrust claim under 15

U.S.C. § 1.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  In doing so, the Court

"retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957),

that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief."  *Twombly*, 127 S. Ct. at 560-61, 577.  Rather than turn on the *conceivability* of an

actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an

actionable claim.  *Id*. at 555-70.  The Court explained that, while this does not mean that a

pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the

pleading must contain at least "some factual allegation[s]."  *Id*. at 555.  More specifically, the

"[f]actual allegations must be enough to raise a right to relief above the speculative level [to a

plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a

motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[2]

## III.    ANALYSIS

### A.    Whether the Court Has Personal Jurisdiction Over Defendants

---

[2]       *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

After careful consideration, the Court answers the above question in the affirmative as to Defendant County of Albany and Defendant Neal, but in the negative as to Defendant Clement and Defendant Spadaro. Although Defendants have argued (and Plaintiff has admitted) that service was improper under Fed. R. Civ. P. 4(c) because Plaintiff failed to serve a copy of the Complaint along with the summons, the Court notes that Plaintiff has since at least attempted to serve the Complaint on all Defendants. (Dkt. Nos. 14, 15, 16, 17.) Defendants notably do not appear to argue that this service of the Complaint was insufficient despite filing their reply memorandum of law after such service occurred. (Dkt. No. 19.) However, while the proof of services filed on the docket show that the Complaint was properly served on the County of Albany by being personally delivered to a representative and on Defendant Neal by being left at his residence with a person of suitable age and discretion, they also show that the Complaint was mailed by certified mail to Defendants Clement and Spadaro after initial unsuccessful attempts at service at their residences. (*Id.*) However, "service by certified mail is not an approved method for service of process under federal law." *Smith v. Smith*, 19-CV-1638, 2021 WL 3524160, at *3 (E.D.N.Y. Aug. 11, 2021) (citing *Morris v. N.Y. Gaming Comm'n*, 2019 WL 2424716, at *3 [W.D.N.Y. Mar. 14, 2019]).

Compliance with state law for serving a summons can provide a basis for personal jurisdiction, but the service here also does not appear to meet New York's requirements. Firstly, while New York permits what has colloquially been referred to as "nail and mail" service where more typical methods of service cannot be made with due diligence, there is no indication here that Plaintiff's process server "affix[ed] the [complaint] to the door of either the actual place of business, dwelling place or usual abode" of either Defendant Clement or Defendant Spadaro.

11

N.Y. C.P.L.R. § 308(4).  The proof of service as to those Defendants indicates that, on first attempt, the process server returned the Complaint unexecuted because of an inability to reach an individual willing to accept service, and that, a few days later, she mailed the Complaint by certified mail to those Defendants; they do not state that a copy of the Complaint was left at the relevant addresses in addition to also mailing it as required by N.Y. C.P.L.R. § 308.  (Dkt. Nos. 14, 17.)

Secondly, while New York law permits personal service by mail apart from the "nail and mail" option, Plaintiff has not complied with the requirements of that provision either.  Section 312-a of the New York Civil Practice Law and Rules permits service "by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgment of receipt . . . with a return envelope, postage prepaid, addressed to the sender," and specifies that service is not considered to be complete until the date upon which that acknowledgment of receipt is mailed or delivered to the sender by the defendant or another authorized individual.  N.Y. C.P.L.R. § 312-a(a), (b)(1).  Although the submitted proof of service indicates the complaint was mailed, there is nothing to suggest that service was ever completed through acknowledgement of receipt.  As a result, Plaintiff has not shown that the Complaint was properly served on Defendants Clement and Spadaro.

For the above reasons, the Court finds that, based on the information presented, it lacks personal jurisdiction over the claims asserted against Defendants Clement and Spadaro at this time, and therefore such claims must be dismissed without prejudice.  It does, however, have

personal jurisdiction over Defendants County of Albany and Neal, and therefore will consider Defendants' other arguments pertaining to Plaintiff's claims.

**B.      Whether Plaintiff Has Exhausted Her Administrative Remedies as to the Title VII Claims**

After careful consideration, the Court answers the above question in the negative for the reasons stated in Defendants' memoranda of law. *See supra,* Parts I.B.1. and I.B.3. of this Decision and Order. To those reasons, the Court adds the following analysis (which is intended to supplement, but not supplant, the reasons provided by Defendants).

"As a precondition to filing a Title VII claim in federal court, a plaintiff must pursue available administrative remedies and file a timely complaint with the EEOC." *Hardaway v. Hartford Pub. Works Dept.*, 879 F.3d 486, 499 (2d Cir. 2018) (quoting *Deravin v. Keriik*, 335 F.3d 195, 200 [2d Cir. 2003]). Although exhaustion is an essential requirement for a Title VII claim, the Second Circuit has "repeatedly held that 'failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement,'" and thus "is 'subject to equitable defenses.'" *Hardaway*, 879 F.3d at 489-90 (quoting *Francis v. City of New York*, 235 F.3d 763, 768 [2d Cir. 2000]; *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 385 [2d Cir. 2015]). As an affirmative defense, the burden to show that a plaintiff has failed to exhaust administrative remedies rests on the defendant. *Hardaway*, 879 F.3d at 490-91. The Second Circuit has also recognized that, in situations where an EEOC charge has been filed, "claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency." *Buon v. Spindler*, 65 F.4th 64, 77 (2d Cir. 2023) (quoting *Deravin*, 335 F.3d at 200).

13

Plaintiff argues in her sur-reply that she included various claims and allegations beyond discrimination under the ADA and ADEA in her EEOC charge, but that the EEOC "decided to focus on the Age and Disability discriminations" in their investigation while telling her that her other claims and charges "would be discussed when the case goes to court." (Dkt. No. 1, at 24.) As an initial matter, Defendants do not ever argue that Plaintiff's EEOC charge was limited solely to *discrimination*, merely that it was limited to claims based on her age and disability (which are not covered by Title VII). As a result, to the extent that Plaintiff has alleged retaliation, denial of work or promotions, denial of pay, and hostile work environment based on her age or disability in the EEOC charge, Defendants have not challenged the exhaustion of such claims, nor does the Court find those claims to not be reflected in (or at the very least related to) the charge. (Dkt. No. 1, Attach. 1, at 51-52.) What Defendants do argue is that Plaintiff's EEOC charge does not reflect any claim (whether it be discrimination, retaliation, hostile work environment, or any other action) based on her sex or gender that would implicate Title VII.

The failure to make any allegations of sex or gender claims is obvious from a consideration of the EEOC charge itself and the EEOC's response to that charge following its investigation. Plaintiff specifically states multiple times in the charge that the adverse actions taken against her were because of her age and disability, but never once mentions sex or gender. (Dkt. No. 1, Attach. 1, at 51-52.) Likewise, the EEOC's decision letter does not provide any indication that it was on notice of or investigated any allegations regarding treatment based on sex or gender as opposed to age and disability. (Dkt. No. 1, Attach. 1, at 5.) In a statement submitted with her Complaint that appears to have been provided by her to the EEOC as part of the investigation process, Plaintiff herself states multiple times that when she had reported the

14

conduct to her employer, they erroneously treated those complaints as being related to sexual harassment or her asserting that she was being treated differently because she was a woman, but that "those are not what my concerns were," and she clarified that the real nature of her complaints was harassment and unfair treatment based on her age and disability.  (Dkt. No. 1, Attach. 1, at 83-84.)  Based on the evidence provided, there is simply nothing to suggest that Plaintiff ever even attempted to raise a claim based on her sex or gender (or any other characteristic protected by Title VII) when she filed the EEOC charge, and thus she has not exhausted any claim pursuant to Title VII.

Nor is there any basis for finding that claims of sex or gender discrimination (or retaliation or hostile work environment) are reasonably related to the age and disability claims that were raised in the EEOC charge.  "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can be reasonably expected to grow out of the charge that was made."  *Deravin*, 335 F.3d at 200-01 (quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 [2d Cir. 2001]).  Again, Plaintiff very specifically states that the actions were taken against her based on her age and disability, and she specifically denied in subsequent information she provided to the EEOC that sex or gender discrimination was one of her concerns.  None of what was provided to the EEOC would alert it to the possibility that Plaintiff intended to allege any claim based on her sex or gender.

For the above reasons, any claims Plaintiff has purported to assert based on sex or gender pursuant to Title VII have not been properly exhausted and thus must be dismissed without prejudice.  *See Franklin v. New York City Transit Auth.–Metropolitan Transp. Auth.*, 18-CV-6436, 2021 WL 4710762, at *6 (S.D.N.Y. Oct. 8, 2021) (noting that dismissals of Title VII

claims for failure to exhaust administrative remedies are without prejudice) (citing *Robinson v. Front-Line Sec. Inc.*, 68 F. App'x 258, 260 [2d Cir. 2003]); *accord Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs Dealers, Inc.*, 560 F.3d 118, 124 (2d Cir. 2009).

      **C.**    **Whether Plaintiff's Claims Pursuant to the ADA and ADEA Have Been Timely Filed**

After careful consideration, the Court answers the above question in the affirmative for the purposes of the allegations and evidence currently presented on this motion to dismiss.

"As a predicate to filing suit under [Title VII, the ADEA, and the ADA], a private plaintiff must first file a timely charge with the EEOC." *Riddle v. Citigroup*, 449 Fed. App'x 66, 69 (2d Cir. 2011). "Additionally, 'under the ADA, Title VII, and the ADEA, a plaintiff must file an action in federal court within 90 days of receipt of a right-to-sue letter from the EEOC.'" *Corns v. Good Samaritan Hosp. Med. Ctr.*, 23-CV-0093, 2024 WL 4008244, at *5 (E.D.N.Y. Aug. 30, 2024) (quoting *Henriquez-Ford v. Council of Sch. Sip'rs & Adm'rs*, 14-CV-2496, 2015 WL 3867565, at *5 [S.D.N.Y. June 23, 2015]); *accord Schleuderer v. Town of Woodstock*, 25-CV-0155, 2025 WL 2710761, at *2 (N.D.N.Y. Sept. 23, 2025) (Kahn, J.) (quoting *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 [2d Cir. 2011]).

As documented by the submitted evidence, the EEOC issued a right-to-sue letter on Plaintiff's disability and age-related claims on December 2, 2024. (Dkt. No. 1, Attach. 1, at 1.) The letter itself states that Plaintiff had 90 days from the date of receipt of that letter, and notes that receipt "generally occurs on the date that you (or your representative) view this document." (*Id.*) Further guidance appended to the letter clarifies that the relevant date is when "you (or your representative) opened this email or mail." (Dkt. No. 1, Attach. 1, at 2.) As a result, the fact that the letter is dated December 2, 2024, is not dispositive of the date of receipt.

16

As Defendants highlight in their argument, Plaintiff's attachments to the Complaint include documentation of an email sent to Plaintiff on December 2, 2024, that notified her that there was a new document in her EEOC folder related to her relevant charge. (Dkt. No. 1, Attach. 1, at 45-47.) However, the fact that Plaintiff was *sent* this email on December 2, 2024, is not proof that she *viewed or opened* that email on that date, and it is the date of viewing or opening that appears to control the definition of "receipt" under the EEOC's policies. Although there is one instance in the handwritten portion of her Complaint where she alleges that she received the right-to-sue letter on December 2, 2024, she states multiple times in other places when directly asked that she in fact received it on December 9, 2024. (Dkt. No. 1, at 10, 16, 24, 79.) Under the circumstances and affording special deference to Plaintiff's *pro se* status, Plaintiff has at the very least plausibly alleged that she did not receive the right-to-sue letter (under the meaning discussed above) until December 9, 2024. Accordingly, her filing of the Complaint on March 5, 2025, was at least facially timely.

The Court recognizes that this finding, made at such a preliminary stage based on limited and somewhat conflicting information, might be subject to change if discovery reveals evidence that suggests Plaintiff in fact was in receipt of the right-to-sue notice at an earlier date. For this reason, the Court denies Defendants' motion to dismiss as to the remaining ADA and ADEA claims, but will permit Defendants to renew their motion on this issue (as one for summary judgment) at a later date if warranted by the evidence.

### D.    Whether Plaintiff's Complaint Complies with Fed. R. Civ. P. 8

After careful consideration, the Court answers the above question in the affirmative for the following reasons.

17

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "of the claim showing that the pleader is entitled to relief," and a "demand for the relief sought." Fed. R. Civ. P. 8(a). "Dismissal pursuant to [Rule 8] 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 [2d Cir. 1988]).

Here, although the relevant "complaint" filing totals 641 pages, many of those pages are considered to be attachments to the Complaint, while the Complaint itself consists of multiple standard *pro se* forms related to Plaintiff's various claims and a handwritten statement of factual allegations totaling approximately 45 pages. (Dkt. No. 1, at 1-80.) Further, although Plaintiff's handwritten pages are certainly more difficult to read than printed material, they are not "all but illegible" as Defendants argue; indeed, the Court was able to decipher the entirety of that handwritten statement with only a few limited exceptions. While that statement is not particularly well organized or simple to read, it does not rise to the level of being so ambiguous, vague or unintelligible that it provides no indication of what Plaintiff is alleging. Moreover, Plaintiff's use of the standard forms provides specific information about what claims she is intending to assert, and she includes a separate handwritten page wherein she lists her intended causes of action in a succinct manner. (Dkt. No. 1, at 31.) Taken together, her completed forms and written statement provide adequate notice of the claims she has asserted and the factual allegations supporting such claims. Although lengthy, Plaintiff's Complaint does not rise to the level of violating Fed. R. Civ. P. 8.

For the above reasons, Defendant's motion on this issue is denied.

**E.    Whether Plaintiff's Claims Pursuant to the ADA and ADEA Should Be Dismissed Against the Individual Defendants**

After careful consideration, the Court answers the above question in the affirmative for the reasons stated in Defendants' memoranda of law.  *See supra,* Parts I.B.1. and I.B.3. of this Decision and Order.  To those reasons, the Court adds the following analysis (which is intended to supplement, rather than supplant, the reasons provided by Defendants).

As Defendants argue, "individuals are not subject to liability under the ADEA and the ADA."  *Brown v. UPS United Parcel Serv., Inc.*, 22-CV-0762, 2023 WL 3322702, at *8 n.5 (N.D.N.Y. Mar. 28, 2023) (Dancks, M.J.), report-recommendation adopted 2023 WL 3032195 (N.D.N.Y. Apr. 21, 2023) (Sannes, C.J.) (citing *Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.*, 19-CV-6034, 2019 WL 6916099, at *7 [S.D.N.Y. Dec. 19, 2019]); *accord Karupaiyan v. CVS Health Corp.*, 19-CV-8814, 2021 WL 4341132, at *8 (S.D.N.Y. Sept. 23, 2021) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 [2d Cir. 1995], *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 [1998]).  As a result, these claims must be dismissed as a matter of law against Defendants Neal, Clement, and Spadaro.

The Court acknowledges Plaintiff's argument that these individuals were involved in the conduct she alleges occurred.  However, because neither the ADA nor the ADEA subject individuals to liability, claims cannot be, as a legal matter, brought against these Defendants pursuant to those statutes.  This does not prevent Plaintiff from pursuing recovery under these statutes for the actions taken by these individuals through her claims against Defendant County of Albany, to the extent it could be held legally responsible for the conduct of those individuals. The Court denies Plaintiff's request to dismiss these claims without prejudice because there is no

19

legal basis upon which she could assert such claims under the ADA or ADEA in this or any other action.  Simply put, the law does not provide a cause of action against individuals under these statutes.

For the above reasons, Plaintiff's claims pursuant to the ADA and ADEA against Defendants Neal, Clement, and Spadaro are dismissed with prejudice.

**F.    Whether Plaintiff Has Stated a Claim of Defamation**

After careful consideration, the Court answers the above question in the negative for the reasons stated in Defendants' memoranda of law.  *See supra,* Parts I.B.1. and I.B.3. of this Decision and Order.  To those reasons, the Court adds the following analysis (which is intended to supplement, rather than supplant, the reasons provided by Defendants).

"Under New York law, to state a claim for defamation, a plaintiff must allege '(1) a written [or spoken] defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability.'" *Miller v. James*, 751 F. Supp. 3d 21, 35 (N.D.N.Y. 2024) (Kahn, J.) (quoting *Kesner v. Dow Jones & Co., Inc.*, 515 F. Supp. 3d 149, 169-70 [S.D.N.Y. 2021]).  "'In assessing whether a defamation claim has been [pled] with sufficient particularity, courts look to whether said complaint references the alleged defamatory statement, identifies who made the statement, when it was made, the context in which it was made, whether it was made orally or in writing and whether it was made to a third party.'" *Lewis v. R. L. Vallee, Inc.*, 24-CV-0069, 2024 WL 2112384, at *3 (N.D.N.Y. Feb. 20, 2024) (Stewart, M.J.), report-recommendation adopted by 2024 WL 1739608 (N.D.N.Y. Apr. 23, 2024) (Nardacci, J.), *aff'd Lewis v. R.L. Vallee, Inc.*, 24-1438, 2025 WL 1077412 (2d Cir. Apr. 10, 2025).

Plaintiff's allegations related to her defamation claim are sparse and they appear to suggest that this claim is asserted against only Defendant Spadaro, over whom, as was discussed above, the Court does not currently have personal jurisdiction.  Notwithstanding the personal jurisdiction issue (and because that deficiency could be corrected by proper service), the Court finds also that the allegations do not meet the basic requirements to plead a claim of defamation. Plaintiff mentions the circumstances underlying her defamation claim three times in her lengthy Complaint: (1) she alleges that "Tania also committed 'slander' as I learned after I was moved upstairs to the foreclosure unit from the Tax Collection . . . learned from a coworker how Tania Spadaro had been terrible and said terrible mean things about me to others" (Dkt. No. 1, at 21); (2) she alleges that, in or around October 2019, "I soon also learned that Tania Spadaro mainly was slandering myself as well as my family making untrue statements about my family and myself" (Dkt. No. 1, at 54); and (3) regarding her defamation/slander claim, she alleges that an unidentified individual was "telling my coworkers terrible and mean and untrue things about myself and my family" (Dkt. No. 1, at 22).  These allegations do not provide any specificity regarding what the relevant statements were, and suggestions that they were "mean" or "terrible" or slanderous are simply insufficient to meet the pleading requirement for specificity regarding the allegedly defamatory statements.  As a result, Plaintiff has not alleged facts sufficient to state a defamation claim.

Moreover, although not raised by Defendants, there appears to be a significant suggestion, based on Plaintiff's allegations, that any defamation claim she has attempted to assert is not timely.  Under New York law, the statute of limitations for a claim of defamation is one year.  *Button v. Breshears*, 24-CV-3757, 2025 WL 2771663, at *6-7 (S.D.N.Y. Sept. 26, 2025)

(citing N.Y. C.P.L.R. § 215[3]).  Plaintiff filed her Complaint on March 3, 2025.  (Dkt. No. 1.)

Yet the statements allegedly made by Defendant Spadaro that constitute the basis for her

defamation claim appear, according to Plaintiff's allegations, to have both been made and

brought to her attention in approximately October of 2019.  (Dkt. No. 1, at 21, 54.)  It therefore

appears that this claim would be time-barred even if Plaintiff could provide more detailed

allegations regarding the alleged statements.

For these reasons, the Court finds that Plaintiff's defamation claim must be dismissed.

However, affording Plaintiff special solicitude because of her *pro se* status, the Court will permit

her to file a motion for leave to amend the Complaint as to her defamation claim (assuming she

first remedies the deficits in service of the Complaint on Defendant Spadaro) should she have

additional allegations that would (a) remedy the lack of specificity identified above, and (b)

plausibly suggest that any defamatory statements were made within one year prior to her filing of

the Complaint.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 11) is **<u>GRANTED</u> in part** and

**<u>DENIED</u> in part**; and it is further

**ORDERED** that Plaintiff's claims against Defendant Clement and Defendant Spadaro

are **<u>DISMISSED</u> without prejudice** due to a lack of personal jurisdiction as a result of

insufficient service of process; and it is further

**ORDERED** that the following claims are **<u>DISMISSED</u>**:

(a)  Plaintiffs' Title VII claims against all Defendants (without prejudice);

(b) Plaintiff's ADA and ADEA claims against Defendant Neal, Clement, and

Spadaro (with prejudice); and

(c) Plaintiff's defamation claim (without prejudice to refiling upon a successful

motion to amend); and it is further

**ORDERED** that Plaintiff's ADA and ADEA claims against Defendant County of Albany

**SURVIVE**.

Dated: October 29, 2025
        Syracuse, New York

Glenn T. Suddaby
U.S. District Judge