UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROSEMARIE J. LIA-BASILE,

Plaintiff,

v.

1:25-CV-0291
(GTS/MJK)

THE COUNTY OF ALBANY,

Defendant.

---

APPEARANCES: OF COUNSEL:

ROSEMARIE J. LIA-BASILE
Plaintiff, *Pro Se*
5882 Veeder Road
Slingerlands, NY 12159

BOND, SCHOENECK & KING, PLLC
Counsel for Defendant
321 Broadway, Suite 201
Saratoga Springs, NY 12866-4281
MICHAEL D. BILLOK, ESQ.

22 Corporate Woods Boulevard, Suite 501
Albany, NY 12211
JOSEPH B. VOGT, ESQ.

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this employment discrimination and retaliation action filed *pro se* by Rosemarie J. Lia-Basile ("Plaintiff") against the County of Albany[1] ("Defendant"), is Defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 11.) For the reasons set forth below, Defendant's motion is converted to one for summary

---

[1] All other Defendants listed in the caption of the Complaint were dismissed from this action as a result of the Court's Decision and Order of October 29, 2025. (Dkt. No. 28.)

judgment and Plaintiff shall, within 30 days of the date of this Decision and Order, file any evidence she might possess to counter Defendant's evidence related specifically to the issue of whether this action was filed within 90 days of her receipt of the right-to-sue notice.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

The claims asserted in Plaintiff's Complaint were discussed in the Court's Decision and Order related to the previous motion to dismiss. (Dkt. No. 28.) The only claims that survive at this stage of the proceedings are her claims brought pursuant to the Americans with Disabilities Act ("ADA") and Age Discrimination in Employment Act ("ADEA") asserted against Defendant County of Albany.

### B. The Parties' Briefing on Defendant's Motion

#### 1. Defendant's Memorandum of Law

Generally, in its motion, Defendant makes two arguments. (Dkt. No. 37, Attach. 5.) First, Defendant argues that the Court may take judicial notice of the extrinsic materials submitted with the motion, particularly the Equal Employment Opportunity Commission ("EEOC") case file and activity log, because those are government records and there is no reasonable dispute as to their authenticity. (*Id.* at 5-7.)

Second, Defendant argues that the submitted EEOC activity log shows that Plaintiff did in fact receive the notice of her right to sue on December 2, 2024, in that it documents that she downloaded that notice from the EEOC portal, and therefore her ADA and ADEA claims were not timely filed and must be dismissed. (*Id.* at 8-9.)

#### 2. Plaintiff's Opposition Memorandum of Law

Generally, in opposition to Defendant's motion, Plaintiff makes many arguments, although only one is responsive to the basis for dismissal raised by Defendant. (Dkt. No. 42.) Specifically, Plaintiff argues that she timely filed this action based on the date she received the right-to-sue notice in the mail, and that Defendant has not presented any new evidence that would warrant revisiting the Court's previous finding that she has sufficiently alleged that the action was timely filed. (*Id.* at 10.)

### 3. Defendant's Reply Memorandum of Law

Generally, in reply, Defendant argues that evidence definitively shows that Plaintiff accessed the right-to-sue notice through the EEOC portal on December 2, 2024, and the fact that she may have also received the same notice as a letter through the mail on December 9, 2024, does not render her filing of this action on March 5, 2025, timely. (Dkt. No. 43, at 3-5.)

## II. GOVERNING LEGAL STANDARD

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (collecting cases). It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a

pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 560-61, 577. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 555-70. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 555. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[2]

---

[2] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual

## III. ANALYSIS

After careful consideration of whether Plaintiff filed her Complaint within the time limit required after receiving a right-to-sue notice from the EEOC, the Court finds that such determination would more appropriately be made upon a motion for summary judgment under the circumstances presented, and therefore converts the motion for judgment on the pleadings to one for summary judgment and reserves decision on that motion to permit Plaintiff an opportunity to respond with evidence in opposition to the extrinsic evidence presented by Defendant.

As the Court noted in its previous Decision and Order, "a plaintiff must file an action in federal court within 90 days of receipt of a right-to-sue letter from the EEOC.'" *Corns v. Good Samaritan Hosp. Med. Ctr.*, 23-CV-0093, 2024 WL 4008244, at *5 (E.D.N.Y. Aug. 30, 2024)

---

background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

(quoting *Henriquez-Ford v. Council of Sch. Sip'rs & Adm'rs*, 14-CV-2496, 2015 WL 3867565, at *5 [S.D.N.Y. June 23, 2015]); *accord Schleuderer v. Town of Woodstock*, 25-CV-0155, 2025 WL 2710761, at *2 (N.D.N.Y. Sept. 23, 2025) (Kahn, J.) (quoting *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 [2d Cir. 2011]). Also as noted previously, the relevant right-to-sue notice states that Plaintiff had 90 days from the date of receipt of that letter to file this action, and notes that receipt "generally occurs on the date that you (or your representative) view this document." (Dkt. No. 1, Attach. 1, at 1.) Further guidance appended to the notice clarifies that the relevant date is when "you (or your representative) opened this email or mail." (Dkt. No. 1, Attach. 1, at 2.)

The Court indicated in its previous Decision and Order that Defendant would be permitted to renew its motion to dismiss Plaintiff's ADA and ADEA claims against it if discovery produced evidence showing that Plaintiff had received the right-to-sue notice on a date that would render this action untimely. (Dkt. No. 28, at 17.) That is precisely what Defendant has done here, and it has provided evidence in the form of the EEOC's activity log that shows that (a) the right-to-sue notice (identified as 2024-12-02 NRTS (525-2023-00573).pdf in that file) was uploaded to the system and released on December 2, 2024, (b) an email was sent (also on December 2, 2024) to Plaintiff at her email address informing her that a new document was available to download,[3] and (c) Plaintiff used that email address to download the document file named 2024-12-02 NRTS (525-2023-00573).pdf three times on December 2, 2024, at approximately 10:56, 10:57, and 10:58 EST. (Dkt. No. 37, Attach. 4, at 6-7.) This evidence

---

[3] This email is notably included as an attachment to the Complaint. (Dkt. No. 1, Attach. 1, at 45-47.)

substantiates that Plaintiff received the right-to-sue notice through her email and the EEOC portal on December 2, 2024. The fact that she may not have received the mailed version of that notice until December 9, 2024, does not extend the time she had to file this action. Thus, based on the information presented to the Court on this motion, it appears that Plaintiff did not file her Complaint within the required 90 days of her receipt of the right-to-sue notice.

However, there is one wrinkle in this determination: Defendant has filed a motion for judgment on the pleadings here, which ordinarily does not permit a court to consider evidence outside the four corners of the pleadings unless that extrinsic evidence falls into one of the recognized categories. Defendant argues that the Court may take judicial notice of the EEOC records, including the relevant activity log, because they are governmental records and there is no reasonable dispute over their authenticity and accuracy.[4] (Dkt. No. 37, Attach. 5, at 5-7.) Defendant notably does cite a few out-of-circuit cases wherein it was found that it was proper to take judicial notice of an EEOC activity log. (Dkt. No. 37, Attach. 5, at 6-7.) However, Defendant also acknowledges that other cases have found such documents to not be a proper subject of judicial notice because (a) such records are by their very nature not free of error, and (b) consideration of those records would have required the court to interpret timestamps, acronyms, and terminology. (*Id.* at 7.)

The Court need not resolve that issue here, however, because the circumstances indicate that it may properly convert Defendant's motion into one for summary judgment. Pursuant to

4 The Court notes that, as to the matter of the authenticity of these government records, the FOIA cover letter from the EEOC indicating that these documents were produced by the EEOC as part of a request by Defendant's counsel is appended to the submission made in Defendant's motion. (Dkt. No. 37, Attach. 2.)

Fed. R. Civ. P. 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Second Circuit has recognized that "the essential inquiry is whether the [party] should have reasonably recognized the possibility that the motion might be converted into one for summary judgment." *Palin v. New York Times Co.*, 940 F.3d 804, 811-12 (2d Cir. 2019) (quoting *In re G & A Books*, 770 F.2d 288, 295 [2d Cir. 1985]). Notably, "[a] party cannot complain of lack of a reasonable opportunity to present all material relevant to a motion for summary judgment when both parties have filed exhibits, affidavits, counter-affidavits, depositions, etc. in support of and in opposition to a motion to dismiss." *In re G & A Books*, 770 F.2d at 295.

The Court finds that conversion of this motion into one for summary judgment is appropriate here. Notably, along with her opposition letter-memorandum, Plaintiff submitted approximately 100 pages of documents, stating that she "has accompanied with this request [to not have her claims dismissed] some information she felt necessary that honorable Glenn T. Suddaby should be provided the knowledge of to support her opposition to numerous points, that the defendant has presented as the basis for their request to dismiss the case." (Dkt. No. 42, at 2.) Plaintiff therefore not only submitted extrinsic evidence, but did so with the express purpose of attempting to counter Defendant's arguments for dismissal in its current motion. Given that Plaintiff also specifically acknowledged that untimeliness of filing based on the date she received the right-to-sue notice was a basis upon which Defendant was arguing for dismissal, there is no reason to believe that she would have reasonably failed to file additional evidence beyond that

included as an attachment to the Complaint in support of a later receipt date if any such evidence was in her possession; rather she asserts that "[t]here has not been any new or additional information that needs to be addressed that warrants [the Court's denial of the previous motion to dismiss on this specific issue] be revisited." (Dkt. No. 42, at 10.)

Although the Court is of the opinion that Plaintiff has been given a reasonable opportunity to present all material that would be pertinent to converting the current motion to one for summary judgment, it also recognizes that Plaintiff is a *pro se* litigant. For that reason, out of special solicitude and in an abundance of caution to protect Plaintiff's rights, the Court will grant Plaintiff 30 days to submit any relevant evidence specifically related to the factual issue of when she received the right-to-sue notice.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 37) is converted to a motion for summary judgment, and judgment on that motion is **RESERVED**; and it is further

**ORDERED** that Plaintiff shall file, within **THIRTY (30) DAYS** of the date of this Decision and Order, any evidence she might possess to counter Defendant's evidence related specifically to the issue of whether this action was filed within 90 days of her receipt of the right-to-sue notice. Once Plaintiff has had an opportunity to file such evidence, if any, the Court will issue a decision on the converted motion for summary judgment.

Dated: October 27, 2026
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge